IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MICHAEL A. THOMPSON**                                                        **PETITIONER**

VS.                           CASE NO. 5:11CV00292 BSM/HDY

**RAY HOBBS, Director**
**Arkansas Department of Correction**                                **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District

1

        Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

The Court has received an application for writ of habeas corpus pursuant to 28 U.S.C. §2254 from Michael A. Thompson, who is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Thompson was convicted by an Ashley County jury of two counts of delivery of cocaine and sentenced to a total of 30 years in the ADC. He is currently in a work release program supervised by the Union County Sheriff's Department, according to the respondent. Mr. Thompson appealed his conviction. *Thompson v. State*, No. CACR 08-786 (Ark. App. March 18, 2009). He subsequently sought postconviction relief, filing his petition on October 6, 2009 and later filing an amended petition.

In his petition he claims that he was unjustly sentenced in 2008 for crack cocaine charges and he requests that his sentence be adjusted based upon the "new sentencing guidelines."

Petition, page 5. He references Senate Majority Leader Dick Durbin and the Senate Judiciary Committee.

Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent also contends the claim for relief is not properly before this Court due to the petitioner's failure to adequately raise this claim in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally

3

defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

Finally, the respondent has addressed the merits of the petitioner's claim for relief.

Often when a respondent contends a petition should be dismissed due to procedural default and/or untimeliness the Court will inform the petitioner of the possibility of dismissal and allow the petitioner the opportunity to explain why dismissal should not occur. There are,

however, occasions when the Court may proceed to the merits of the petition. In considering this issue, we are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine. Recent commentary points up the problems with the cause and prejudice standard:
> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . . In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)). As with the *McKinnon* procedural default evaluation, it is also more efficient in some instances to forego the statute of limitations analysis and directly consider the merits of the claims. *See, e.g., Trussell v. Bowersox*, 447 F3d 588 (8th Cir. 2006) (bypassing limitations and procedural default analysis in the interest of judicial economy). We find it appropriate to proceed to the merits of Mr. Thompson's claim rather than considering the procedural default and limitations period issues raised by the respondent.

The claim of the petitioner is that his 2008 sentence was unjust under the sentencing guidelines, as amended, and, as a result, his sentence should be shortened. The amendment to the sentencing guidelines cited by the petitioner is the Fair Sentencing Act, enacted on August 3, 2010. *See* Pub.L. No. 111-220, 124 Stat. 2372; 21 U.S.C. § 841. This Act "amended the Controlled Substance Act by increasing the amount of crack cocaine necessary to trigger the five-year minimum to 28 grams or more, and the amount necessary to trigger the ten-year minimum to 280 grams or more." *Logan v. U.S.*, 2011 WL 1656025 (D. Md.) (April 28, 2011). The petitioner, however, was not convicted under the federal Controlled Substance Act, nor was

he sentenced under the federal sentencing guidelines. The Controlled Substance Act and the federal sentencing guidelines apply to individuals who are prosecuted in the federal system. Mr. Thompson was charged and convicted in Ashley County, a state court venue. As a result, his claim for relief is without merit. In order to warrant habeas corpus relief, a petitioner must demonstrate that he is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Thompson's allegations concerning a federal law do not state a claim for relief when he is admittedly in custody pursuant to state court convictions[1].

As a result of the foregoing, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if

---

[1] Mr. Thompson does not argue that his sentences were unconstitutionally severe under the Eighth Amendment. Were we to presume he makes this argument, it is without merit. He was charged with two Y felonies (see docket entry 14-1), and subject to 10 to 40 years, or life, on each count. He received 10 and 20 year sentences, to be served consecutively. The Eighth Amendment forbids sentences that are grossly disproportionate to the crime. The United States Supreme Court provides the following criteria in analyzing such a claim: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Benjamin v. Norris*, 2009 WL 2136047 (W.D. Ark.) (July 15, 2009) (citing *Solem v. Helm*, 463 U.S. 277 (1983). The petitioner in *Benjamin* received two consecutive 25 year terms for delivery of a controlled substance, and the Court found no inference of gross disproportionality and, as a result, found no Eighth Amendment violation. Mr. Thompson's sentences are similar to those imposed on Mr. Benjamin. Both Thompson and Benjamin are distinguished from the scenario in *Henderson v. Norris*, 258 F.3d 706, 707 (8th Cir. 2001), where the petitioner, a first-time offender, was sentenced to life imprisonment for the delivery of .238 grams of cocaine base. There is no merit to an Eighth Amendment argument, assuming that one is made.

the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __10__ day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE